CONFORMED COPIES

1   Audra M. Mori (State Bar No. 162850)
2   Amori@perkinscoie.com
    Katherine M. Dugdale (State Bar No. 168014)
3   Kdugdale@perkinscoie.com
    PERKINS COIE LLP
4   1888 Century Park East, Suite 1700
5   Los Angeles, California 90067
    Tel: (310) 788-9900; Fax: (310) 788-3399
6
7
8   Attorneys for Plaintiff MICROSOFT CORPORATION

2009 DEC -1 PM 3:27
FILED

9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11
12

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, and MICROSOFT LICENSING, GP, a Nevada general partnership, <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY ONE ONLINE, a California corporation f/k/a TECHNOLOGY ONE CORP. d/b/a SAVEINTHEUSA.COM; ISAAC COHEN a/k/a ISAAC K. KOHANIAN, an individual; MORRIS COHEN a/k/a MORRIS KOHANIAN, an individual; MARYAM GHERMAZYAN, an individual and JAMES AMME, an individual, <br><br> Defendants. | Case No. <br> CV09-8816 MMM (RZx) <br><br> COMPLAINT FOR: <br><br> (1) FRAUD; <br> (2) FRAUDULENT INDUCEMENT; <br> (3) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; <br> (4) TORTIOUS INTERFERENCE WITH CONTRACT <br> (5) CONVERSION; <br> (6) UNJUST ENRICHMENT |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

41826-5307/LEGAL17372932.1

## COMPLAINT

Defendants Technology One Online, a California corporation formerly known as Technology One Corp., and doing business as www.saveintheusa.com, Isaac Cohen also known as Isaac K. Kohanian, Morris Cohen, also known as Morris K. Kohanian, Maryam Ghermazyan and James Amme (collectively, "Defendants") falsely claimed to be affiliated with a nationally recognized university in order to obtain academic Microsoft Developer Network Subscriptions ("MSDN Subscriptions"). Defendants, while posing as procurement specialists for the university, fraudulently entered into academic open license agreements with Microsoft Corporation ("Microsoft") and/or Microsoft Licensing, GP in order to obtain the academic MSDN Subscriptions which are provided to qualified educational institutions at substantially reduced prices. Defendants then sold, through their website and Internet auction sites, over three hundred and fifty of the fraudulently obtained academic MSDN Subscriptions to unsuspecting customers for financial gain. Defendants' misconduct makes them liable for fraud, fraud in the inducement, tortious interference with prospective economic advantage, tortious interference with contract, conversion, and unjust enrichment. Microsoft seeks damages, including restitution, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.    Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington. Microsoft Corporation develops, markets, distributes and licenses computer software.

2.    Microsoft Licensing, GP, is a Nevada general partnership with its principal place of business in Nevada. The partners of Microsoft Licensing, GP are Microsoft Corporation and Microsoft Management LLC. Microsoft Management LLC is a Nevada limited liability company with its principal place of business in

2

1  Reno, Nevada.  Microsoft Corporation owns 99% of Microsoft Licensing, GP, and

2  Microsoft Licensing, GP operates as the licensing arm of Microsoft Corporation.

3      3.    Upon information and belief, defendant Technology One Online is a

4  California corporation, formerly known as Technology One Corp., that does

5  business as www.saveintheusa.com, in Los Angeles, California and on the Internet

6  ("Technology One").  Upon information and belief, Technology One is engaged in

7  the business of advertising, marketing, and distributing computer software and

8  software components, including academic MSDN Subscriptions.

9      4.    Upon information and belief, defendant Isaac Cohen also known as

10  Isaac K. Kohanian ("Isaac Cohen") is an individual who is an officer, shareholder,

11  manager, and/or director of Technology One.  Upon information and belief, Isaac

12  Cohen owns, operates, or otherwise controls Technology One.  Upon information

13  and belief, Isaac Cohen (a) personally participated in and/or had the right and ability

14  to direct and control the wrongful conduct alleged in this Complaint, and (b) derived

15  direct financial benefit from that wrongful conduct.  Upon information and belief,

16  Isaac Cohen resides and transacts substantial business in this district.

17      5.    Upon information and belief, defendant Morris Cohen also known as

18  Morris K. Kohanian ("Morris Cohen") is an individual who is an officer,

19  shareholder, manager, and/or director of Technology One.  Upon information and

20  belief, Morris Cohen owns, operates, or otherwise controls Technology One.  Upon

21  information and belief, Morris Cohen (a) personally participated in and/or had the

22  right and ability to direct and control the wrongful conduct alleged in this

23  Complaint, and (b) derived direct financial benefit from that wrongful conduct.

24  Upon information and belief, Morris Cohen resides and transacts substantial

25  business in this district.

26      6.    Upon information and belief, defendant Maryam Ghermazian is an

27  individual who is an officer, shareholder, and/or director of Technology One.  Upon

28  information and belief, Maryam Ghermazian owns, operates, or otherwise controls

3

1    saveintheusa.com.  Upon information and belief, Maryam Ghermazian (a)

2    personally participated in and/or had the right and ability to direct and control the

3    wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit

4    from that wrongful conduct.  Upon information and belief, Maryam Ghermazian

5    resides in Great Neck, New York and transacts substantial business in this district.

6         7.      Upon information and belief, defendant James Amme personally

7    participated in the wrongful conduct alleged in this Complaint.  Upon information

8    and belief, James Amme resides and transacts substantial business in this district.

9         8.      Upon information and belief, each of the defendants was, at all times

10   mentioned in this Complaint, acting as the agent, employee, or alter ego of every

11   other defendant, and in doing the things mentioned herein, was acting within the

12   course and scope of such agency, employment, or other relationship and with full

13   knowledge and consent of each of the other defendants.

14                          **JURISDICTION**

15         9.      The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there

16   is complete diversity of citizenship between the parties, and the matter in

17   controversy exceeds $75,000, exclusive of interests and costs.

18                             **VENUE**

19        10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and

20   § 1400(a) because (a) the wrongful conduct alleged occurred in the Central District

21   of California; (b) the Defendants may be found in the Central District of California;

22   and (c) Defendants have a sufficient connection with the Central District of

23   California to make venue proper in this district, all as alleged in this Complaint.

24              **FACTS COMMON TO ALL CLAIMS**

25                   **Microsoft Visual Studio**

26        11.     Microsoft develops, advertises, markets, distributes, and licenses a

27   number of computer software programs, including Visual Studio 2008 MSDN

28   Developer.  The Visual Studio development system is a comprehensive suite of

4

1   tools designed to help software developers create innovative, next-generation
2   applications.

**The MSDN Program**

3

4   12.    MSDN Subscriptions are the ultimate resource for professional
5   developers, teams, and organizations engaged in software application development.
6   MSDN subscriptions provide developers with priority access to the latest Microsoft
7   software and technologies for software design, development, testing and
8   demonstration purposes.  MSDN Subscriptions are a cost effective way to license
9   Microsoft platforms and tools, receive technical support and gain priority access to
10  new versions of Microsoft software, including Microsoft operating systems, server
11  software and productivity applications.

12  13.    MSDN Subscriptions are available as part of Microsoft Visual Studio
13  and are also available as a standalone platform under MSDN Operating Systems.
14  For example, Visual Studio Professional 2008 with MSDN Premium provides
15  access to such programs as Visual Studio Professional, Visual Studio Tools for
16  Office, Windows Vista, Windows XP, Windows Server 2003, Windows Server
17  2008, SQL Server.

18  14.    MSDN Subscriptions are available to retail customers from retail
19  stores, via resellers and online direct from Microsoft.  MSDN Subscriptions are also
20  available to qualified educational institutions at deeply discounted prices.  This
21  provides an inexpensive way for educational institutions to make Microsoft software
22  available in labs and classrooms for instructional and research purposes.

23  15.    Qualified educational institutions include accredited institutions
24  organized and operated exclusively for the purpose of teaching their enrolled
25  students ("Qualified Educational Institution").

26  16.    One of the ways for a Qualified Educational Institution to obtain an
27  academic MSDN Subscription is to place an order through an authorized Microsoft
28  academic reseller, who in turn places the order with a Microsoft authorized

5

1    distributor. The Microsoft authorized distributor places the order with Microsoft
2    and/or Microsoft Licensing, GP. A license is posted on "eOpen," a secured
3    proprietary Web-based site that provides customers access to Academic account
4    information. The academic reseller forwards the license confirmation to the
5    Qualified Educational Institution.

6         17.    The Qualified Educational Institution accesses eOpen and must accept
7    the terms of the Open Academic License Agreement in order to activate its
8    academic MSDN Subscription and assign the MSDN benefits to qualified end users
9    such as faculty or students.

10         18.    The MSDN Subscriptions Administrations System gives the Qualified
11    Educational Institution's MSDN administrator control in assigning MSDN benefits
12    to the appropriate end user at the Qualified Educational Institution, such as a faculty
13    member or a student. Once the administrator assigns the benefits, by entering the
14    end user's information on eOpen, Microsoft sends an e-mail to the identified end
15    user and provides a Benefit Access Number and instructions on how to access the
16    MSDN Subscription benefits.

17         19.    The end-users goes to the MSDN Benefits Portal, signs in and he or she
18    is then directed to the MSDN Subscription Management page where he or she reads
19    and accepts the license agreement. Once the end user accepts the license agreement
20    he or she has access to the available MSDN benefits, software downloads and
21    product keys.

22         20.    Once the benefits are assigned to an end user, Microsoft and/or
23    Microsoft Licensing GP sends to the end user media containing Microsoft copyright
24    protected software programs.

25    **Defendants' Wrongful Conduct**

26         21.    Defendants are engaged in a scheme in which they improperly market
27    and distribute fraudulently obtained academic MSDN Subscriptions.

28

6

22.    Between 2008 and 2009, Defendants misrepresented themselves as administrators or procurement specialists from a nationally recognized university to a Microsoft authorized academic reseller.

23.    The academic reseller distributed to Defendants over 350 academic MSDN Subscriptions over a two year period based on the belief that Defendants represented a Qualified Educational Institution.

24.    In order to access the academic MSDN Subscriptions, Defendants were required to enter into an Academic Open License Agreement with Microsoft and/or Microsoft Licensing, GP. The Academic Open License Agreements restrict the acquisition and use of academic Microsoft software to Qualified Educational users. The Academic Open License Agreements also contain restrictions on the transferring and reassigning of licenses.

25.    Defendants fraudulently entered into the Academic Open License Agreements as a purported Qualified Educational Institution even though they were not affiliated with any Qualified Educational Institution.

26.    Once Defendants entered into the Academic Open License Agreements, the academic MSDN Subscriptions were activated and Defendants were given the ability to assign the benefits. Benefits include the ability to download Microsoft software, access product keys in order to use the Microsoft software and receive Microsoft media.

27.    In direct violation of the terms of the Academic Open License Agreement, Defendants sold the academic MSDN subscription benefits to unsuspecting customers who thought they were purchasing retail MSDN subscriptions.

28.    When Defendants entered into the Academic Open License Agreements, they materially misrepresented their status as a Qualified Educational Institution. Although Defendants indicated they would comply with the terms of the Academic Open License Agreements, they actually had no intention of complying.

7

1  Defendants deliberately misrepresented themselves in order to acquire the specially
2  priced academic MSDN Subscriptions so they could sell the academic MSDN
3  Subscriptions as purported retail product.  Defendants wrongfully sold the academic
4  MSDN subscriptions for a significant profit.

5       29.    By misrepresenting themselves as a Qualified Educational Institution,
6  fraudulently acquiring hundreds of academic MSDN subscriptions, and selling the
7  academic MSDN subscriptions to unsuspecting customers, Defendants committed
8  fraud and fraud in the inducement, disrupted Microsoft's relationships with
9  customers, and disrupted Microsoft's contracts with its authorized academic
10  resellers.

11       30.    For example, in or about April 2009, Defendants distributed to a
12  customer purported retail Visual Studio 2008 with MSDN Premium Developer.
13  Instead of distributing to the customer retail Visual Studio 2008 with MSDN
14  Premium Developer, Defendants, while posing as representatives from a Qualified
15  Educational Institution, entered the customer's information into eOpen and assigned
16  the customer the benefits for an academic license for "Visual Studio Team
17  Development Software Assurance Academic with MSDN Premium Qualified."  The
18  customer received a Benefit Access Number linked to a license assigned to the
19  Qualified Educational Institution.  The customer is not affiliated with the Institution
20  or any other qualified educational institution.

21       31.    In or about June 2009, Defendants distributed to a customer purported
22  retail Visual Studio 2008 Pro with MSDN Premium.  Instead of distributing to the
23  customer retail Visual Studio 2008 Pro with MSDN Premium, Defendants, while
24  posing as representatives from a Qualified Educational Institution, entered the
25  customer's information into eOpen and assigned the customer the benefits for an
26  academic license for "Visual Studio Pro with MSDN Premium License Software
27  Assurance Pack Academic Qualified."  The customer received a Benefit Access
28  Number linked to a license assigned to the Qualified Educational Institution.  The

41826-5307/LEGAL17372932.1

1    customer is not affiliated with the Institution or any other qualified educational
2    institution.

3        32.    In or about July 2009, Defendants distributed to a customer purported
4    retail Visual Studio 2008 Professional with MSDN Professional. Instead of
5    distributing to the customer retail Visual Studio 2008 Professional with MSDN
6    Professional, Defendants, while posing as representatives from a Qualified
7    Educational Institution, entered the customer's information into eOpen and assigned
8    the customer the benefits for an academic license for "Visual Studio Pro with
9    MSDN Pro License Software Assurance Pack Academic Qualified." The customer
10   is not affiliated with the Qualified Educational Institution or any other qualified
11   educational institution.

12       33.    In or about July 2009, Defendants distributed to a customer purported
13   retail Visual Studio 2008 Professional with MSDN Premium. Instead of distributing
14   to the customer retail Visual Studio 2008 Professional with MSDN Premium,
15   Defendants, while posing as representatives from a Qualified Educational
16   Institution, entered the customer's information into eOpen and assigned the customer
17   the benefits for an academic license for "Visual Studio Pro with MSDN Premium
18   License Software Assurance Pack Academic Qualified." The customer is not
19   affiliated with the Qualified Educational Institution or any other qualified
20   educational institution..

21       34.    In or about August 2009, Defendants distributed to a private
22   investigator purported retail Visual Studio 2008 Professional with MSDN
23   Professional Subscription. Instead of distributing to the investigator retail Visual
24   Studio 2008 Professional with MSDN Professional Subscription, Defendants, while
25   posing as representatives from a Qualified Educational Institution, entered the
26   customer's information into eOpen and assigned the customer the benefits for an
27   academic license for "Visual Studio Pro with MSDN Premium License Software
28

9

1  Assurance Pack Academic Qualified." The investigator did not represent himself to
2  be affiliated with any qualified educational institution.

3      35.    In addition to the above, Microsoft is informed and believes that
4  Defendants also wrongfully distributed the academic MSDN Subscriptions they
5  acquired by misrepresentation through an Internet auction site. The unsuspecting
6  customers were located both in and outside of the United States and none were
7  affiliated with the Qualified Educational Institution.

8      36.    On information and belief, these are not isolated incidents. Rather,
9  Defendants have been and continue to be involved in advertising, marketing,
10 offering, and/or distributing academic MSDN Subscriptions to unidentified persons
11 or entities.

12     37.    Defendants have a history of infringing Microsoft's copyright and
13 trademark protected software. In April 2005, Microsoft filed a complaint against
14 Technology One Corp., Isaac Cohen and Maryam Ghermazian for the distribution of
15 counterfeit Microsoft software (U.S.D.C., Central District Case No. 2:05-cv-02572
16 ABC (RC). On August 10, 2006, the court entered an injunction, enjoining
17 Technology One Corp., Isaac Cohn and Maryam Ghermazian from engaging in any
18 illegal distribution of Microsoft software.

19     38.    On information and belief, Defendants' distributions of academic
20 MSDN Subscriptions are the result of Defendants' advertising and marketing the
21 availability of such materials.

22     39.    On information and belief, Defendants' wrongful conduct includes the
23 use, advertising, marketing, offering, and/or distribution of MSDN Subscriptions
24 described in this Complaint.

25     40.    On information and belief, by this conduct, including their advertising
26 activities, Defendants have misappropriated Microsoft's advertising ideas and style
27 of doing business.

28

10

1        41.   On information and belief, the injuries and damages that Microsoft has

2    sustained have been directly and proximately caused by Defendants' advertising.

3    **First Claim**

4    **[Fraud]**

5    **Against Defendants**

6        42.   Microsoft realleges, and incorporates by this reference, each and every

7    allegation set forth in paragraphs 1 through 41, inclusive.

8        43.   Beginning in or about 2008, Defendants misrepresented to Microsoft

9    and Microsoft Licensing, GP that they were representatives of a Qualified

10    Educational Institution in order to enter into Academic Open License Agreements,

11    which include restrictions on Defendants' use and transfer of academic MSDN

12    Subscriptions.  These misrepresentations took place on dates including, but not

13    limited to:  January 5, 2009, January 14, 2009, January 18, 2009, February 17, 2009,

14    February 26, 2009, March 5, 2009, March 25, 2009, April 7, 2009, April 8, 2009,

15    April 15, 2009, April 29, 2009, May 8, 2009, May 21, 2009, May 28, 2009, June 5,

16    2009, June 16, 2009, July 15, 2009, July 16, 2009, and August 28, 2009.

17        44.   On information and belief, at the time Defendants misrepresented

18    themselves as procurement specialists for the Qualified Educational Institution, they

19    were not affiliated with any Qualified Educational Institution.

20        45.   On information and belief, Defendants made the material

21    misrepresentations when they entered into the Academic Open License Agreements

22    with Microsoft and/or Microsoft Licensing, GP.

23        46.   On information and belief, Defendants made the material

24    misrepresentations so that they could access academic MSDN subscriptions to sell

25    to third parties who were unaffiliated with any qualified educational institution for

26    financial gain.

27

28

11

47.    Microsoft and/or Microsoft Licensing GP relied on Defendants' material misrepresentations to their detriment. Microsoft and/or Microsoft Licensing, GP's reliance was reasonable and was otherwise justified.

48.    Had Microsoft and/or Microsoft Licensing, GP known that Defendants were not affiliated with a Qualified Educational Institution and had they known of Defendants' true intentions, Microsoft and/or Microsoft Licensing, GP would not have entered into Academic Open License Agreements with Defendants and would not have allowed Defendants to obtain academic MSDN Subscriptions.

49.    Microsoft and/or Microsoft Licensing, GP, at the time the misrepresentations were made, were ignorant of the facts which Defendants misrepresented and justifiably relied on Defendants' fraudulent misrepresentations. Had Microsoft and/or Microsoft Licensing, GP known the true facts, they would not have entered into the Academic Open License Agreements with Defendants and would not have provided Defendants with academic MSDN subscriptions.

50.    As a result of Microsoft and/or Microsoft Licensing, GP's reliance on Defendants' misrepresentations, Microsoft and/or Microsoft Licensing GP have been damaged in an amount to be proven at trial.

51.    As a result of Defendants' malicious, oppressive and/or fraudulent conduct, Microsoft and/or Microsoft Licensing, GP are entitled to punitive damages.

**Second Claim**

**[Fraudulent Inducement]**

**Against Defendants**

52.    Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 51, inclusive.

53.    Beginning in or about 2008, Defendants, posing as representatives of a Qualified Academic Institution, entered into Academic Open License Agreements with Microsoft and/or Microsoft Licensing, GP. The Academic Open License

12

1   Agreements include restrictions on Defendants' use and transfer of the academic

2   MSDN Subscriptions.

3        54.    On information and belief, at the time Defendants represented

4   themselves as a Qualified Educational Institution and entered into the Open License

5   Agreement, Defendants had no intention of complying with the terms of the

6   Academic Open License Agreements. Rather, Defendants had the secret intention

7   to distribute to third parties unaffiliated with any qualified educational institution

8   Defendants' academic MSDN Subscriptions. On information and belief, Defendants

9   made the material misrepresentations with the intent to induce Microsoft and/or

10  Microsoft Licensing, GP to enter into the Open License Agreements and provide

11  Defendants with academic MSDN Subscriptions.

12       55.    On information and belief, at the time Defendants made the

13  aforementioned misrepresentations, and at the time Microsoft and/or Microsoft

14  Licensing, GP took the actions more particularly alleged above, Microsoft and/or

15  Microsoft Licensing, GP were ignorant of Defendants' secret intention not to

16  perform their promises. Microsoft and/or Microsoft Licensing, GP's reliance was

17  reasonable and was otherwise justified.

18       56.    Based upon Defendants' intentional misrepresentations, Microsoft

19  Licensing, GP was induced to enter the Academic Open License Agreements to

20  allow Defendants to obtain over 350 Academic Open License Agreements. Had

21  Microsoft and/or Microsoft Licensing, GP known of Defendants' true intentions,

22  Microsoft and/or Microsoft Licensing, GP would not have entered into Academic

23  Open License Agreements with Defendants and/or would not have allowed

24  Defendants to obtain academic MSDN Subscriptions.

25       57.    Microsoft and/or Microsoft Licensing, GP, at the time the

26  misrepresentations were made, was ignorant of the facts which Defendants

27  misrepresented and justifiably relied on Defendants' fraudulent misrepresentations.

28  Had Microsoft and/or Microsoft Licensing, GP known the true facts, Microsoft

13

1  and/or Microsoft Licensing, GP would not have entered into the Academic Open

2  License Agreements with Defendants and would not have provided Defendants with

3  academic MSDN subscriptions.

4      58.    As a result of Microsoft and/or Microsoft Licensing, GP's reliance on

5  Defendants' misrepresentations, Microsoft and/or Microsoft Licensing GP have been

6  damaged in an amount to be proven at trial.

7      59.    As a result of Defendants' malicious, oppressive and/or fraudulent

8  conduct, Microsoft and/or Microsoft Licensing, GP are entitled to punitive damages.

9                              **Third Claim**

10          **[Tortious Interference with Prospective Economic Advantage]**

11                            **Against Defendants**

12      60.    Microsoft realleges, and incorporates by this reference, each and every

13  allegation set forth in paragraphs 1 through 59, inclusive.

14      61.    Upon information and belief, economic relationships existed between

15  Microsoft and third parties that contained the likelihood of future financial benefit to

16  Microsoft, including, but not limited to, economic relationships with customers who

17  sought to acquire genuine, lawful Microsoft MSDN Subscriptions.

18      62.    Defendants were aware of the economic relationship between

19  Microsoft and third parties.  Notwithstanding such knowledge, Defendants

20  wrongfully and intentionally interfered with Microsoft's business expectancy by

21  means including the distribution to their customers of academic MSDN

22  Subscriptions.

23      63.    Microsoft's prospective economic relationships with third parties were

24  disrupted by Defendants' actions.

25      64.    As a result of such wrongful and intentional interferences of

26  Microsoft's economic relationships, Microsoft has been damaged in an amount to be

27  proven at trial.

28

41826-5307/LEGAL17372932.1

65.   As a result of Defendants' malicious, oppressive and/or fraudulent conduct, Microsoft is entitled to punitive damages.

### Fourth Claim

### [Tortious Interference with Contractual Relations]

### Against Defendants

66.   Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 65 above.

67.   Microsoft has valid contracts with its authorized academic resellers.

68.   Defendants were and are aware of Microsoft's contracts with its authorized academic resellers.

69.   Defendants have intentionally undertaken actions designed to induce a breach or disruption of Microsoft's contractual relationships with its authorized academic resellers.

70.   As a result of Defendants' actions, actual breaches and disruptions of Microsoft's contractual relationships with its authorized academic resellers have occurred.

71.   As a result of Defendants' actions, Microsoft has been and continues to be damaged in a manner that may not be able to be fully measured or compensated in economic terms.

72.   As a result of Defendants' malicious, oppressive and/or fraudulent conduct, Microsoft is entitled to punitive damages.

### Fifth Claim

### [Conversion]

### Against Defendants

73.   Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 72, inclusive.

15

74. At all relevant times herein, Microsoft was and still is the rightful owner of the software licensed under the Academic Open License Agreements, as well as the owner of the proprietary materials and information provided as part of the MSDN Subscriptions that were assigned to Defendants.

75. Defendants converted this proprietary material and information of Microsoft for Defendants' own use and financial gain, without authorization.

76. As a direct and proximate result of Defendants' conversion, Microsoft has suffered damages due to, among other things, lost business and good will.

**Sixth Claim**

**[Unjust Enrichment]**

**Against Defendants**

77. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 76, inclusive.

78. Defendants distributed and/or continue to distribute for financial gain academic MSDN Subscriptions to third parties.

79. Defendants unlawfully benefited from distributing academic MSDN Subscriptions to third parties.

80. Defendants' distribution of academic MSDN Subscriptions to third parties constitutes unjust enrichment and has damaged Microsoft and Microsoft Licensing, GP.

**PRAYER**

WHEREFORE, Microsoft respectfully requests judgment against the Defendants as follows:

(1) That the Court enter a judgment against Defendants as indicated below:

(a) that Defendants committed fraud when they entered into the Academic Open License Agreements and fraudulently induced Microsoft and/or Microsoft Licensing GP into entering into the agreements;

41826-5307/LEGAL17372932.1

1            (b)    that Defendants tortiously interfered with the prospective

2  economic advantage of Microsoft and tortiously interfered with Microsoft's

3  contracts;

4            (c)    that Defendants' distribution of academic MSDN Subscriptions

5  are acts of conversion;

6            (d)    that Defendants have been unjustly enriched by their distribution

7  of academic MSDN Subscriptions;

8      (2)    That the Court issue order enjoining Defendants, their agents, servants,

9  officers, employees and all persons in active concert or participation with them from

10  interfering with Microsoft's business in any manner whatsoever, including but not

11  limited to interfering with Microsoft's contractual relationships and prospective

12  economic advantage;

13      (3)    That the Court enter an order declaring that Defendants hold in trust, as

14  constructive trustees for the benefit of Microsoft, their illegal profits obtained from

15  their distribution of academic MSDN Subscriptions, and requiring Defendants to

16  provide Microsoft a full and complete accounting of all amounts due and owing to

17  Microsoft as a result of Defendants' illegal activities.

18      (4)    That the Court order a detailed accounting by Defendants of the precise

19  number of units of illicit material offered for distribution and distributed by

20  Defendants.

21      (5)    That the Court order Defendants to pay Microsoft's general, special,

22  and actual damages as follows:

23            (a)    Damages caused by Defendants' fraud and fraudulent

24  inducement, including actual and punitive damages;

25            (d)    Damages for Defendants' tortuous interference with Microsoft's

26  prospective economic advantage and its contracts, including actual and punitive

27  damages;

28            (e)    Damages for Defendants' conversion in an amount to be proven

17

1    at trial;

2          (f)    Damages for Defendants' unjust enrichment in an amount to be

3    proven at trial;

4          (6)    That the Court order Defendants to pay to Microsoft both the costs of

5    this action and the reasonable attorneys' fees incurred by it in prosecuting this

6    action; and

7          (7)    That the Court grant to Microsoft such other and additional relief as is

8    just and proper.

9

10   DATED:  December __ 2009                    **PERKINS COIE LLP**

11                                               By _____

12                                                  Katherine M. Dugdale

13                                                  Attorneys for Plaintiff
                                                    MICROSOFT CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV09- 8816 MMM (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Katherine M. Dugdale
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 788-9900

**ORIGINAL**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, and MICROSOFT LICENSING, GP, a Nevada general partnership<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>CV09-8816 MRP₂₀₉ (RZx) |
| v. | |
| TECHNOLOGY ONE ONLINE, a California corporation f/k/a TECHNOLOGY ONE CORP. d/b/a SAVEINTHEUSA.COM; ISAAC COHEN a/k/a ISAAC K. KOHANIAN, an individual; MORRIS COHEN a/k/a MORRIS KOHANIAN, an individual; MARYAM GHERMAZYAN, an individual and JAMES AMME, an individual<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Katherine M. Dugdale_____, whose address is _Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA 90067____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _December 1, 2009_____

By: _____
                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Katherine M. Dugdale
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 788-9900

**CONFORMED COPIES**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION, a Washington corporation, and MICROSOFT LICENSING, GP, a Nevada general partnership

PLAINTIFF(S)

v.

TECHNOLOGY ONE ONLINE, a California corporation f/k/a TECHNOLOGY ONE CORP. d/b/a SAVEINTHEUSA.COM; ISAAC COHEN a/k/a ISAAC K KOHANIAN, an individual; MORRIS COHEN a/k/a MORRIS KOHANIAN, an individual; MARYAM GHERMAZYAN, an individual and JAMES AMME, an individual

DEFENDANT(S).

CASE NUMBER

CV09-8816 MMM (RZx)

**SUMMONS**

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Katherine M. Dugdale_____, whose address is _Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA 90067_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _December 1, 2009_____

By: _____
SHEA BOURGEOIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, and MICROSOFT LICENSING, GP, a Nevada general partnership | TECHNOLOGY ONE ONLINE, a California corporation f/k/a TECHNOLOGY ONE CORP. d/b/a SAVEINTHEUSA.COM; ISAAC COHEN a/k/a ISAAC K. KOHANIAN, an individual; MORRIS COHEN a/k/a MORRIS KOHANIAN, an individual; MARYAM GHERMAZYAN, an individual and JAMES AMME, an individual |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Katherine M. Dugdale<br>Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA 90067, 310 788-9900 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No          ☐ MONEY DEMANDED IN COMPLAINT: $ Exceeds $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332;

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV09-8816

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                      CIVIL COVER SHEET                                      Page 1 of 2

CONFORMED COPIES

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No    ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No    ☑ Yes
If yes, list case number(s) 05CV 2572-ABC (RCx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| King County, WA<br>Washoe County, NV | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c)

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendants reside in Los Angeles County and New York. | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date  December 1, 2009

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended, plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |